145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Efren GONZALEZ, Defendant-Appellant.
 No. 96-50017.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Central District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 MCLAUGHLIN, J. Presiding
 
 
 1
 Efren Gonzalez appeals his jury conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Gonzalez contends the district court erred when it denied his motion to dismiss the indictment for outrageous government conduct. We review the district court's denial of the motion de novo, and its underlying factual findings for clear error, see United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991), and uphold the district court's findings and conclusions.
 
 
 3
 Following the trial, the district court rejected Gonzalez's claims of outrageous government conduct and sentencing entrapment and made the following express findings: (1) the government's informant was closely supervised; (2) Gonzalez was neither vulnerable nor under any pressure; and (3) Gonzalez had the resources and contacts to make multiple deliveries of high quality methamphetamine. Although Gonzalez disputes these factual findings, they are amply supported by the record. Moreover, Gonzalez's claim is largely based on his argument that the government created the crime by supplying the conspirators with ephedrine. However, in rejecting an outrageous government conduct claim by Gonzalez's codefendant, this court noted that "the government did not create the criminal activity; although [the informant] supplied ephedrine to the conspirators, he did not do so until after the conspirators had already produced methamphetamine." United States v. Franco, 136 F.3d 622, 629 (9th Cir. 1998). Accordingly, the district court did not err by denying Gonzalez's motion to dismiss the indictment for outrageous government conduct. See id.; United States v. Emmert, 829 F.2d 805, 812-13 (9th Cir. 1987) (not outrageous conduct for undercover agents to purchase narcotics from target where government is not involved in target's acquisition of narcotics from a source of supply); United States v. Allen, 955 F.2d 630, 631 (9th Cir. 1992) (not outrageous conduct for government to supply precursor chemicals during undercover operation).
 
 
 4
 Gonzalez next contends that the district court committed structural error when it allowed transcripts of foreign language tapes to go into the jury room. This court thoroughly addressed an identical claim when previously raised by Gonzalez's codefendants in Franco, and concluded that no reversible error occurred. See Franco, 136 F.3d at 625-28. Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4